24

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

D-1 TARY HOLCOMB,
D-2 MAURICE HILL,
D-3 JAMES THOMAS,
D-4 CURTIS WEATHERS,
D-5 JASON FORD,
D-6 CONRAD TAYLOR, and
D-7 SHANTONIO BROOKS,

           Defendants.

_____/

Case: 2:25-cr-20138
Assigned To : Edmunds, Nancy G.
Referral Judge: Grand, David R.
Assign. Date : 3/6/2025
Description: IND SEALED MATTER (SS)

Violations:
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 1956(a)

## Indictment

The Grand Jury charges that:

## Count One
## Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance
## 21 U.S.C. §§ 846 & 841(a)(1)

D-1 TARY HOLCOMB
D-2 MAURICE HILL
D-3 JAMES THOMAS
D-4 CURTIS WEATHERS
D-5 JASON FORD
D-6 CONRAD TAYLOR
D-7 SHANTONIO BROOKS

From in or around March 2023 through in or around September

2024, in the Eastern District of Michigan, and elsewhere, the

defendants, TARY HOLCOMB, MAURICE HILL, JAMES THOMAS, CURTIS WEATHERS, JASON FORD, CONRAD TAYLOR, and SHANTONIO BROOKS, knowingly and intentionally combined, conspired, confederated, and agreed with each other and with persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

With respect to TARY HOLCOMB, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iv), a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21,

2

United States Code, Section 841(b)(1)(C), and a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

With respect to MAURICE HILL, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii), a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C), and a mixture and substance

containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to JAMES THOMAS, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section(b)(1)(A)(ii), a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C), and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to CURTIS WEATHERS, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a

4

detectable amount of cocaine, in violation of Title 21, United States
Code, Section(b)(1)(A)(ii), 28 grams or more of a mixture and substance
containing a detectable amount of cocaine base, commonly known as
crack cocaine, in violation of Title 21, United States Code, Section
841(b)(1)(B)(iv), a mixture and substance containing a detectable
amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide,
commonly known as fentanyl, in violation of Title 21, United States
Code, Section 841(b)(1)(C), and a mixture and substance containing a
detectable amount of heroin, in violation of Title 21, United States
Code, Section 841(b)(1)(C).

With respect to JASON FORD, the controlled substances involved
in the conspiracy attributable to him as a result of his own conduct, and
the conduct of other conspirators reasonably foreseeable to him, are 5
kilograms or more of a mixture and substance containing a detectable
amount of cocaine, in violation of Title 21, United States Code,
Section(b)(1)(A)(ii), 28 grams or more of a mixture and substance
containing a detectable amount of cocaine base, commonly known as
crack cocaine, in violation of Title 21, United States Code, Section

841(b)(1)(B)(iv), a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C), and a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to CONRAD TAYLOR, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section(b)(1)(A)(ii), and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C), and a mixture and substance

containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to SHANTONIO BROOKS, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

## Count Two
### Possession of Cocaine with Intent to Distribute
### 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii)

D-1 TARY HOLCOMB

On or about September 25, 2024, in the Eastern District of Michigan, the defendant, TARY HOLCOMB, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(ii).

7

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

## Count Three
### Possession of Cocaine with Intent to Distribute
### 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(ii)

D-4 CURTIS WEATHERS
D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendants, CURTIS WEATHERS and JASON FORD, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(ii).

8

## Count Four
### Possession of Fentanyl with Intent to Distribute
### 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(vi)

D-1 TARY HOLCOMB
D-4 CURTIS WEATHERS
D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendants, TARY HOLCOMB, CURTIS WEATHERS, and JASON FORD, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) & 841(b)(1)(B)(vi).

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant

.

9

offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

## Count Five
### Possession of Cocaine Base with Intent to Distribute
### 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii)

D-1 TARY HOLCOMB
D-4 CURTIS WEATHERS
D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendants, TARY HOLCOMB, CURTIS WEATHERS, and JASON FORD, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant

10

offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

**Count Six**
**Possession of Heroin with Intent to Distribute**
**21 U.S.C. §§ 841(a)(1) & (b)(1)(C)**

D-1 TARY HOLCOMB
D-4 CURTIS WEATHERS
D-5 JASON FORD

On or about September 25, 2024, in the Eastern District of Michigan, the defendants, TARY HOLCOMB, CURTIS WEATHERS, and JASON FORD, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of heroin in violation of Title 21, United States Code, Section 841(a)(1) & 841(b)(1)(C).

The defendant, TARY HOLCOMB, having a prior conviction for a serious drug felony for which he served a term of imprisonment of more than twelve months, and having been released from any term of imprisonment within fifteen years of the commencement of the instant

offense, is subject to increased penalties provided under Title 21, United States Code, Sections 841, 846, and 851.

## Count Seven
### Possession of Cocaine with Intent to Distribute
### 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii)

D-2 MAURICE HILL

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, MAURICE HILL, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

## Count Eight
### Possession of Cocaine with Intent to Distribute
### 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii)

D-3 JAMES THOMAS

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, JAMES THOMAS, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, 500 grams or more of a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

## Count Nine
### Possession of Fentanyl with Intent to Distribute
### 21 U.S.C. §§ 841(a)(1) & (b)(1)(C)

D-3 JAMES THOMAS

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, JAMES THOMAS, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(a)(1) & 841(b)(1)(C).

## Count Ten
### Possession of Cocaine Base with Intent to Distribute
### 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)

D-3 JAMES THOMAS

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, JAMES THOMAS, knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and

substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

**<u>Count Eleven</u>**
**Possession of a Firearm in Furtherance of**
**a Drug-Trafficking Crime**
**18 U.S.C. § 924(c)(1)(A)**

D-1 TARY HOLCOMB

On or about September 25, 2024, in the Eastern District of Michigan, the defendant, TARY HOLCOMB, knowingly possessed firearms in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a controlled substance, as charged in Count One of this Indictment, and possession of a controlled substance with intent to distribute, as charged in Counts Two, Four, Five, and Six of this Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Twelve
## Possession of a Firearm and Ammunition by a Convicted Felon
### 18 U.S.C. § 922(g)(1)

D-1 TARY HOLCOMB

On or about September 25, 2024, in the Eastern District of Michigan, the defendant, TARY HOLCOMB, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate and foreign commerce, a firearm, that is, a Glock 27 .40 caliber handgun, and ammunition, that is, eight (8) rounds of .40 caliber ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

## Count Thirteen
## Possession of a Firearm in Furtherance of a Drug-Trafficking Crime
### 18 U.S.C. § 924(c)(1)(A)

D-3 JAMES THOMAS

On or about May 7, 2024, in the Eastern District of Michigan, the defendant, JAMES THOMAS, knowingly possessed firearms in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute a controlled substance, as charged in

15

Count One of this Indictment, and possession of a controlled substance with intent to distribute, as charged in Counts Eight, Nine, and Ten of this Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A).

**Counts Fourteen – Forty-Three**
**Laundering of Monetary Instruments**
**18 U.S.C. § 1956(a)(1)(B)(ii)**

D-1 TARY HOLCOMB

On or about the date specified in each count below, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendant, TARY HOLCOMB, knowingly conducted and attempted to conduct the following financial transactions, in the form of cash deposits at Financial Institution A and Financial Institution B, affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute and possess with intent to distribute a controlled substance, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole or in part to avoid transaction reporting

requirements under federal law.

| Count | Financial Institution | Date | Amount of Cash Deposit |
|---|---|---|---|
| 14 | Financial Institution A | January 3, 2023 | $9,200 |
| 15 | Financial Institution B | January 3, 2023 | $5,040 |
| 16 | Financial Institution A | February 2, 2023 | $8,020 |
| 17 | Financial Institution B | February 2, 2023 | $7,020 |
| 18 | Financial Institution A | March 22, 2023 | $8,900 |
| 19 | Financial Institution B | March 22, 2023 | $8,025 |
| 20 | Financial Institution A | April 25, 2023 | $8,000 |
| 21 | Financial Institution B | April 25, 2023 | $7,115 |
| 22 | Financial Institution A | June 20, 2023 | $7,030 |
| 23 | Financial Institution B | June 20, 2023 | $5,040 |
| 24 | Financial Institution A | July 25, 2023 | $8,020 |
| 25 | Financial Institution B | July 25, 2023 | $7,060 |
| 26 | Financial Institution A | August 2, 2023 | $9,084 |
| 27 | Financial Institution B | August 2, 2023 | $5,025 |
| 28 | Financial Institution A | August 24, 2023 | $8,576 |
|  |  |  |  |

| 29 | Financial Institution B | August 24, 2023 | $5,025 |
|----|-------------------------|-----------------|--------|
| 30 | Financial Institution A | September 29, 2023 | $6,375 |
| 31 | Financial Institution B | September 29, 2023 | $6,560 |
| 32 | Financial Institution A | December 4, 2023 | $9,755 |
| 33 | Financial Institution B | December 4, 2023 | $6,020 |
| 34 | Financial Institution A | January 2, 2024 | $9,720 |
| 35 | Financial Institution B | January 2, 2024 | $8,220 |
| 36 | Financial Institution A | February 1, 2024 | $8,530 |
| 37 | Financial Institution B | February 1, 2024 | $7,020 |
| 38 | Financial Institution A | March 29, 2024 | $8,463 |
| 39 | Financial Institution B | March 29, 2024 | $5,060 |
| 40 | Financial Institution A | May 1, 2024 | $8,190 |
| 41 | Financial Institution B | May 1, 2024 | $6,040 |
| 42 | Financial Institution A | May 24, 2024 | $9,520 |
| 43 | Financial Institution B | May 24, 2024 | $7,030 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## Forfeiture Allegations

The allegations contained in Count One through Count Forty-Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d) together with Title 28, United States Code, Section 2461(c).

Under Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841 or 846, the defendants, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

Under Title 18, United States Code, Section 924(d)(1) together with Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922 or 924, the defendant shall forfeit to the United States of America any firearm

and any ammunition used or intended to be used in the commission of the offense.

Under Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendant shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

1. $23,785.00 U.S. Currency (24-FBI-008130)

2. $5,800.00 U. S. Currency (24-FBI-008129)

3. Miscellaneous Firearms including Glock GMBH Model 27 .40 Caliber Ser No: CAFB968, 9 Rounds of .40 Caliber ammunition, 41 Rounds of .40 Caliber Ammunition, Glock 27 Gen 4 .40 Caliber Ser No: BGHM899, and 8 Rounds ammunition (24-FBI-008072)

4. $198,965.00 U.S. Currency (24-FBI-008071)

5. $5,842.14 in funds from Bank Account #XXXX9816 (24-FBI-008168)

20

6. $3,826.95 in funds from Bank Account #XXXXXX3120 (24-FBI-008169)

7. Miscellaneous Firearms including American Tactical Rifle 5.56 Caliber Ser No: NS170327, Smith & Wesson SW40VE .40 Caliber Ser No: PBF2841, Heckler & Koch USP Compact P200 V3 Ser No: 27-050734, 17 Rounds of .40 Caliber ammunition, 63 Rounds of assorted ammunition, Springfield XD 45ACP XD Ser No: BA113993, and Kimber Micro 9 Stainless Raptor Micro Ser No: TB0044203 (24-FBI-008070)

8. Miscellaneous Firearms including Smith & Wesson 9mm caliber pistol, Model: 910S, with magazine Ser No: BDX6341, Ruger 5.7x28 9mm caliber pistol, Model: 57, with attachment and magazine Ser No: 641-61825, Smith & Wesson 9mm caliber pistol, Model: SD9VE, with magazine Ser No: FDA3996, Smith & Wesson .40 caliber pistol, Model: M&P M2.0, with magazine Ser No: NJA7491, Smith & Wesson .40 caliber pistol, Model: M&P disassembled, Ser No: MPA2083, Smith & Wesson 5.56 caliber

rifle, Model: M&P-15, with magazine Ser No: TF07868 (24-FBI-004685)

As part of the forfeiture in this case, the United States also intends to seek entry of a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**This is a True Bill.**


/s/ Grand Jury Foreperson
Grand Jury Foreperson

JULIE A. BECK
Acting United States Attorney

/s/ Benjamin Coats
Benjamin Coats
Chief, Drug Task Force Unit

/s/ Erin L. Ramamurthy
Erin L. Ramamurthy
Assistant United States Attorney

Dated: March 6, 2025

23

| United States District Court<br>Eastern District of Michigan | Criminal Case Cov | Case: 2:25-cr-20138<br>Assigned To : Edmunds, Nancy G.<br>Referral Judge: Grand, David R.<br>Assign. Date : 3/6/2025<br>Description: IND SEALED MATTER (SS) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes      ☒ No | **AUSA's Initials:**  s/E.R. |

**Case Title:** USA v.  Holcomb et al.

**County where offense occurred :**  Wayne

**Check One:**     ☒ Felony                ☐ Misdemeanor                ☐ Petty

✓ Indictment/____ Information --- **no prior complaint.**
____ Indictment/____ Information --- based upon prior complaint [Case number:                          ]
____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below].*

## Superseding Case Information

**Superseding to Case No:** _____     **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**                    **Charges**                    **Prior Complaint (if applicable)**

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 6, 2025
Date

s/Erin Ramamurthy

Erin Ramamurthy
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9788
E-Mail address: Erin.Ramamurthy@usdoj.gov
Attorney Bar #: P81645

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.